UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUJUN WANG,<br><br>                Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                Respondents. | Case No.: 26-cv-2686-JES-BJW<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Lujun Wang's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 3), Respondents filed a return and Petitioner filed a traverse. ECF Nos. 6, 7, 10. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition.

## I.    BACKGROUND

Petitioner is a native of China, who entered the United States on February 4, 2023. ECF No. 1 at 2. He was taken into custody and then paroled into the United States while he applied for asylum. *Id.* He was re-detained on May 29, 2025, while working as an Uber driver and placed into removal proceedings. *Id.* On October 7, 2025, the immigration judge ("IJ") granted Petitioner voluntary departure. *Id.* Petitioner subsequently filed a motion to

reopen on October 26, 2025, which turned his voluntary departure into a final order of removal. *Id.*

Petitioner previously filed a habeas petition in front of this court. *Wang v. Larose*, Case No. 26-cv-1133-JES-BJW ("*Wang I*"). Petitioner raised a due process argument related to his prior parole status, which the Court denied based on his final order of removal. *Wang I*, ECF No. 13 at 4. Petitioner also raised a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which the Court denied without prejudice because Petitioner had been detained just under five months at that time. *Id.* at 6.

In the present petition, Petitioner re-raises the *Zadvydas* claim, now that his detention has reached the presumptively reasonable six-month period.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

After an immigration court enters a final order of removal, the case is no longer pending and the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government may hold the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme

Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

Here, it is not disputed that Petitioner's order of removal became final on October 26, 2025, and thus, the presumptively reasonable six-month period ended on April 26, 2026. What is in dispute is whether there is a significant likelihood of removal in the reasonably foreseeable future.

Under *Zadvydas*, the burden is on the petitioner to first provide a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If the petitioner makes this showing, then the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.*

To substantiate their claim that they can remove Petitioner, Respondent state that they submitted a travel document request on November 14, 2025, that on February 16, 2026, China verified Petitioner's nationality, and that China issued a travel document for Petitioner on March 18, 2026. ECF No. 6-2 ¶¶ 11-12; ECF No. 6-3 ¶ 12. On April 4, 2026, Respondents attempted to remove Petitioner. ECF No. 6-3 ¶ 13. Respondents state that "Petitioner failed to comply with removal and refused to board the plane at LAX airport" and was returned to Otay Mesa Detention Center that day. *Id.* Respondents claim that they will be able to place Petitioner on another flight and know of no reason why they would not be able to effectuate removal. *Id.* ¶¶ 14-16.

26-cv-2686-JES-BJW

Petitioner disputes Respondents' version of events on April 4. Petitioner confirms that he was placed into a bus on that date to be taken to the LAX airport, but during the drive, he began to feel "very sick." ECF No. 10 ¶ 2. He was feeling "dizzy and nauseous" and "very anxious" and "very cold." *Id.* He states that the agents observing him could tell that he was not feeling well and turned the vehicle around to drive back to Otay Mesa Detention Center. *Id.* ¶ 3. Thus, Petitioner claims that he never refused to board a flight. *Id.* ¶ 4.

Even assuming Petitioner's version of events, the Court finds that, on these facts, Petitioner has not met his showing that there is no significant likelihood of removal in the near future. Regardless of if the April 4 removal attempt had to be aborted due to Petitioner's health on the drive to the airport, this does not alter the fact that Respondents have travel documents for Petitioner and had assigned him onto a flight just over a month ago. Thus, at this point, the Court cannot find there is no likelihood of removal in the reasonably foreseeable future. However, as the Court has previously stated in its order on the first petition, this finding is similarly without prejudice to Petitioner re-raising the *Zadvydas* issue if Respondents fail to effectuate his removal in the near future.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **without prejudice**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-2686-JES-BJW